IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MARIO MANDOLFO, | ) | |
| | ) | CASE NO. BK04-84061 |
| Debtor(s). | ) | A05-8075 |
| RICHARD D. MYERS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH MANDOLFO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the court on the plaintiff's motion for summary judgment (Fil. #13) and resistance by the defendant (Fil. #23). Alan Pedersen represents the trustee, and Theodore Boecker, Jr., represents the defendant. The motion was taken under advisement as submitted without oral arguments.

      Approximately two months prior to the time this bankruptcy case was filed, a state court judgment was entered against the debtor and in favor of the defendant Joseph Mandolfo for $678,430.86, finding that the debtor had made unauthorized transfers from bank accounts belonging to Joseph Mandolfo or his companies. The judgment created a lien on the debtor's real property in Sarpy County, Nebraska, and the judgment was registered in Douglas County, Nebraska, creating a lien on the debtor's property in that county as well. The Chapter 7 trustee has filed this adversary proceeding alleging that the creation of the liens to secure an antecedent unsecured debt constitutes a voidable preferential transfer.

      Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

      In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable

Case 05-08075-TJM   Doc 40   Filed 06/20/06   Entered 06/20/06 08:01:56   Desc Main
              Document       Page 2 of 4

inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

Under 11 U.S.C. § 547(b), a trustee or debtor-in-possession may avoid any transfer of an interest of the debtor in property:

(1)   to or for the benefit of a creditor;
(2)   for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3)   made while the debtor was insolvent;
(4)   made —
      (A) on or within 90 days before the date of the filing of the petition; or
      (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5)   that enables such creditor to receive more than such creditor would receive if--
      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In resistance to the motion for summary judgment, Joseph Mandolfo argues that the trustee is unable to establish the elements necessary to prove a preferential transfer. Specifically, Joseph Mandolfo asserts there was no transfer of the debtor's interest in property because the real estate was purchased with the money stolen from Joseph Mandolfo's companies and therefore is held in constructive trust for Joseph Mandolfo. He further asserts that no actual transfer took place, there was no antecedent debt, he is not an insider, and the debtor was not insolvent at the time of the alleged transfer.

A constructive trust is an equitable remedy imposed upon property when a party establishes by clear and convincing evidence that the person holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained. Trieweiler v. Sears, 689 N.W.2d 807, 834 (Neb. 2004).

Joseph Mandolfo seems to suggest that the findings in the state court judgment lead solely to the conclusion that the real estate was purchased with stolen money. There is no evidence of that, nor does the record reflect that any other court has so found and imposed a constructive trust as a result. Therefore, there is no basis for finding here that the property at issue is not property of the bankruptcy estate.

Next, the Bankruptcy Code now defines "transfer" to include "the creation of a lien," as well as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54)(A) and (D). Lien creation

was added with the enactment of last fall's amendments to the Code, codifying what had been established in caselaw. See, e.g., Cullen Ctr. Bank & Trust v. Hensley (In re Criswell), 102 F.3d 1411, 1415 (5th Cir. 1997); Grant v. Kaufman (In re Hagen), 922 F.2d 742, 745 (11th Cir. 1991); Merritt-Holland Welding Supplies, Inc. v. General Steel Tank Co. (In re General Steel Tank Co.), 478 F.2d 294, 297 (4th Cir. 1973); Hoffinger Indus., Inc. v. Bunch (In re Hoffinger Indus., Inc.), 313 B.R. 812, 817 (Bankr. E.D. Ark. 2004); Pfeiffer v. Haybuster Mfg., Inc. (In re Dutt), 8 B.R. 655, 656 (Bankr. D.S.D. 1981). By state law, the judgment lien attached to the debtor's Sarpy County property when the judgment was rendered, Neb. Rev. Stat. § 25-1504, and to the debtor's Douglas County property when the judgment was transcribed there. Neb. Rev. Stat. § 25-1303. Thus, a transfer did occur.

The next question is whether the transfer was on account of an antecedent debt. A debt is antecedent for purposes of § 547(b)(2) if it is incurred prior to the allegedly preferential transfer. Harrah's Tunica Corp. v. Meeks (In re Armstrong), 291 F.3d 517, 522 (8th Cir. 2002). A debt is incurred on the date upon which the debtor first becomes legally bound to pay. Jones Truck Lines, Inv. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.), 130 F.3d 323, 329 (8th Cir. 1997) (quoting Iowa Premium Serv. Co., Inc. v. First Nat'l Bank in St. Louis (In re Iowa Premium Serv. Co.), 695 F.2d 1109, 1111 (8th Cir. 1982) (en banc)). A "debt" is a liability on a claim, § 101(12), and a "claim" is the right to payment, regardless of whether that right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. § 101(5)(A). Joseph Mandolfo filed his state court lawsuit alleging misappropriation and conversion of funds. His right to pursue recovery of damages from the debtor for the debtor's alleged bad acts constitutes a claim that is an antecedent debt.

The next issue is whether the debtor was insolvent when the transfer was made. "Insolvent" is defined in the Bankruptcy Code as a financial condition such that the sum of the debtor's debts is greater than all of the debtor's property at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay or defraud the debtor's creditors; and (ii) property that may be exempted from property of the estate under section 522. § 101(32)(A). The debtor's bankruptcy schedules indicate assets of $760,000 and liabilities of $2,394,000 as of the petition date in December 2004. He testified via affidavit that his assets and liabilities remained materially the same in the two months between the date of the entry of the Sarpy County judgment on October 5, 2004, and the bankruptcy petition date.

Two of the debtor's largest debts are an $802,000 Canadian judgment in favor of one of Joseph Mandolfo's companies and IRS claims of $4.9 million. Joseph Mandolfo suggests that the IRS is limited to claiming only the amount the debtor stipulated to when he pleaded guilty to filing a false tax return. However, federal law is clear that the IRS may pursue both criminal and civil penalties arising out of the same conduct, Helvering v. Mitchell, 303 U.S. 391, 397 (1938); Gnifkowski v. U.S., 2004 WL 569534, at *4 (D. Minn. Feb. 26, 2004); In re Minkoff, 1999 WL 1424987, at *3 (Bankr. D. Kan. Dec. 16, 1999), so if and when the IRS's claim in the present case is litigated, the amount stipulated to in the plea agreement may not have res judicata effect as to the bankruptcy claim.

No one has suggested that the debtor had more assets than were listed in the bankruptcy schedules. The Canadian judgment and the IRS claim far outstrip the reported fair value of the debtor's property, so it appears that he was in fact insolvent at the time of the transfer.

Next, Joseph Mandolfo argues that he should not be considered an insider because he is an assignee of the corporate entities from which the debtor allegedly misappropriated funds. A finding on this issue is unnecessary, as the transfers occurred within 90 days preceding the petition date.

Based on the claims filed in this case, it appears that unsecured creditors will receive only a percentage of their claims. If Joseph Mandolfo's judgment liens are permitted to stand, he is likely to receive more from the estate than he otherwise would.

For all of these reasons, the judgment liens obtained by defendant Joseph Mandolfo are preferential transfers and should be set aside.

IT IS ORDERED the plaintiff's motion for summary judgment (Fil. #13) is granted. Separate judgment will be entered.

DATED:    June 19, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *Alan Pedersen
   Theodore Boecker, Jr.
   U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.